## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHELTON D. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANDREW B. MILLER, | ) | |
| **Serve: 402 E. Warrick** | ) | |
| **Owensville, IN 47665** | ) | |
| | ) | Cause No.: 3:19-cv-00089 |
| and, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| VANGUARD SALES OF | ) | |
| EVANSVILLE, INC., | ) | |
| **Serve: Jody R. Cumbee** | ) | |
| **Registered Agent** | ) | |
| **816 Maxwell Ave.** | ) | |
| **Evansville, IN 47711** | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Shelton D. Williams for his cause of action against Defendant Andrew B. Miller and Defendant Vanguard Sales of Evansville, Inc. alleges as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff Shelton D. Williams ("Plaintiff") is an individual citizen and resident of the State of Louisiana.

2. Defendant Andrew B. Miller ("Defendant Miller") is an individual citizen and resident of the State of Indiana.

3. Defendant Vanguard Sales of Evansville, Inc. ("Defendant Vanguard") is a corporation organized and existing under the laws of the State of Indiana with its principal place of business located in the State of Indiana.

4.      The Court has personal jurisdiction over Defendant Andrew B. Miller and the Defendant Vanguard Sales of Evansville, Inc. because the tortious acts committed by the defendants, described in more detail below, were committed in the State of Illinois.

5.      The Court has subject matter jurisdiction over this matter because there is complete diversity between Plaintiff and both defendants and because the amount in controversy exceeds $75,000.00.

6.      Venue is proper in this Court because the motor vehicle collision at issue in this action, described in more detail below, occurred in Jefferson County, Illinois, which is within the judicial district of the Court.

7.      On March 15, 2017, Plaintiff was operating his motor vehicle eastbound on Interstate Highway 64 near Highway Mile Marker 87, which is within Jefferson County, Illinois.

8.      On that same date and at the same time, Defendant Miller was operating a motor vehicle eastbound on Interstate Highway 64 near Highway Mile Marker 87, in Jefferson County, Illinois, just behind Plaintiff's motor vehicle.

9.      On that same date and at that same time, Defendant Miller was an employee and agent of Defendant Vanguard, which owned the vehicle being operated by Defendant Miller, and Defendant Miller was operating the motor vehicle within the course and scope of his employment by Defendant Vanguard.

10.      On that same date and at that same time, Defendant Vanguard, by and through its agent and employee Defendant Miller, caused the front of its motor vehicle to violently strike the rear of Plaintiff's motor vehicle.

## COUNT I
## (Negligence – Defendant Vanguard)

11.     Plaintiff incorporates the allegations stated in Paragraphs 1 through 10 of this Complaint as if restated in their entirety in this paragraph.

12.     Defendant Vanguard, by and through its agent and employee Defendant Miller, owed Plaintiff a duty to operate its motor vehicle in conformance with all laws, rules and regulations governing the operation of motor vehicles and otherwise with the highest degree of care.

13.     Defendant Vanguard, by and through the actions of its agent and employee Defendant Miller, breached its duties and was careless and negligent in one or more of the following respects:

   a.     Defendant Vanguard failed to keep a careful lookout ahead to discover Plaintiff's motor vehicle;

   b.     Defendant Vanguard failed to stay awake while operating its motor vehicle;

   c.     Defendant Vanguard operated its motor vehicle while drowsy and/or sleep deprived;

   d.     Defendant Vanguard failed to maintain a safe distance between its motor vehicle and Plaintiff's motor vehicle, given the prevailing circumstances and conditions;

   e.     Defendant Vanguard operated its motor vehicle at a rate of speed that was high, excessive, dangerous and not reasonably safe under the prevailing circumstances and conditions;

   f.     Defendant Vanguard failed to stop, slacken speed, turn, or swerve its motor vehicle so to avoid the collision with Plaintiff's motor vehicle, despite the fact that Defendant Vanguard could have done so and thereby avoided the collision;

   g.     Defendant Vanguard failed to give or sound any warning of its approach, movement, turn, or proximity of its motor vehicle prior to the collision; and

   h.     Defendant Vanguard otherwise allowed the front of its motor vehicle to

strike the rear of Plaintiff's motor vehicle.

14.     As a direct and proximate result of the carelessness and negligence of Defendant Vanguard, Plaintiff was thrown in and about his vehicle and thereby suffered the following injuries, harms and damages:

    a.    Plaintiff sustained physical injuries to his left upper extremity, specifically including his left shoulder, that required, require, and will in the future continue to require medical care and treatment and which are permanent and progressive;

    b.    Plaintiff suffered, suffers and will in the future continue to suffer physical pain and mental anguish due to the aforementioned physical injury;

    c.    Plaintiff's ability to use his left upper extremity has been, is, and will in the future continue to be limited, impaired and diminished;

    d.    Plaintiff's ability to work and to labor has been, is, and will in the future continue to be impaired and diminished, resulting in past, present and future lost wages and income;

    e.    Plaintiff's ability to perform his normal, daily activities and other activities which he previously performed has been, is and will in the future continue to be limited, impaired and diminished; and

    f.    Plaintiff has incurred medical expenses for treatment and care which were necessary due to the aforementioned physical injuries, and in the future will be required to expend additional sums for the same, the exact amount of which cannot be definitely ascertained at this time.

WHEREFORE Plaintiff Shelton D. Williams respectfully prays for judgment against Defendant Vanguard Sales of Evansville, Inc. in an amount in excess of $75,000.00 that is fair and reasonable, and as otherwise supported by the evidence presented at trial, plus post-judgment interest, plus his costs incurred herein, and for such other and further relief as the Court deems just and proper under the above-stated facts.

## COUNT II
### <u>(Negligence – Defendant Miller)</u>

15.     Plaintiff incorporates the allegations stated in Paragraphs 1 through 10 of this Complaint as if restated in their entirety in this paragraph.

16.     Defendant Miller owed Plaintiff a duty to operate his motor vehicle in conformance with all laws, rules and regulations governing the operation of motor vehicles and otherwise with the highest degree of care.

17.     Defendant Miller breached his duties and was careless and negligent in one or more of the following respects:

      a.     Defendant Miller failed to keep a careful lookout ahead to discover Plaintiff's motor vehicle;

      b.     Defendant Miller failed to stay awake while operating his motor vehicle;

      c.     Defendant Miller operated his motor vehicle while drowsy and/or sleep deprived;

      d.     Defendant Miller failed to maintain a safe distance between his motor vehicle and Plaintiff's motor vehicle, given the prevailing circumstances and conditions;

      e.     Defendant Miller operated his motor vehicle at a rate of speed that was high, excessive, dangerous and not reasonably safe under the prevailing circumstances and conditions;

      f.     Defendant Miller failed to stop, slacken speed, turn, or swerve his motor vehicle so to avoid the collision with Plaintiff's motor vehicle, despite the fact that Defendant Miller could have done so and thereby avoided the collision;

      g.     Defendant Miller failed to give or sound any warning of his approach, movement, turn, or proximity of his motor vehicle prior to the collision; and

      h.     Defendant Miller otherwise allowed the front of his motor vehicle to strike the rear of Plaintiff's motor vehicle.

18. As a direct and proximate result of the carelessness and negligence of Defendant Miller, Plaintiff was thrown in and about his vehicle and thereby suffered the following injuries, harms and damages:

a. Plaintiff sustained physical injuries to his left upper extremity, specifically including his left shoulder, that required, require, and will in the future continue to require medical care and treatment and which are permanent and progressive;

b. Plaintiff suffered, suffers and will in the future continue to suffer physical pain and mental anguish due to the aforementioned physical injury;

c. Plaintiff's ability to use his left upper extremity has been, is, and will in the future continue to be limited, impaired and diminished;

d. Plaintiff's ability to work and to labor has been, is, and will in the future continue to be impaired and diminished, resulting in past, present and future lost wages and income;

e. Plaintiff's ability to perform his normal, daily activities and other activities which he previously performed has been, is and will in the future continue to be limited, impaired and diminished; and

f. Plaintiff has incurred medical expenses for treatment and care which were necessary due to the aforementioned physical injuries, and in the future will be required to expend additional sums for the same, the exact amount of which cannot be definitely ascertained at this time.

WHEREFORE Plaintiff Shelton D. Williams respectfully prays for judgment against Defendant Andrew B. Miller in an amount in excess of $75,000.00 that is fair and reasonable, and as otherwise supported by the evidence presented at trial, plus post-judgment interest, plus his costs incurred herein, and for such other and further relief as the Court deems just and proper under the above-stated facts.

## JURY TRIAL DEMANDED

Plaintiff Shelton D. Williams, pursuant to Fed. R. Civ. P. 28, hereby demands a jury trial on all the issues, claims and causes of action alleged and raised herein that are triable to a jury, under the law.

COFMAN TOWNSLEY, LLP


BY:     */s/ Todd R. Nissenholt*
        Todd R. Nissenholtz, #55049MO
        200 S. Hanley Road, Suite 1070
        St. Louis, Missouri 63105
        314.621.2005
        314.621.3118 (facsimile)
        tn@cofmantownsley.com

        *Attorneys for Plaintiff*